UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT TAKACS,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE CITY OF NEW YORK, et al.<br><br>                    Defendants. | 09 Civ. 481 (LBS)<br><br>**MEMORANDUM &<br>ORDER** |

SAND, J.

Plaintiff Robert Takacs brings this action pursuant to sections 1983 and 1985 for false arrest, malicious prosecution, and related offenses arising out of his arrest on drug possession charges.  Defendants the City of New York and police officers Louis Scala, Michael Servino, James Ryan, and Daniel Santiago (together the "Officers") move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  For the following reasons, the motion is granted.

## I.  Background[1]

On March 3, 2006, at approximately 11:45 p.m., the Officers came to the door of Plaintiff's apartment suspecting that illegal drug activity was taking place there.  The Officers did not have a search warrant, and Plaintiff alleges that he did not give them permission to enter, an allegation Defendants dispute.  Am. Compl. Exs. 1, 2.  Nonetheless, Plaintiff stood to the side as the Officers entered the apartment, where they recovered cocaine that led to the arrests of Takacs and three other persons.  According to Plaintiff, the contraband was "on or next to the futon that was located in a separate room rented out by the roommate."  Plaintiff contends that he

---

[1] The following factual summary is derived from the parties' submissions to the Court and the exhibits attached thereto.

1

resided in a different area of the apartment and had no authority over his roommate's room or the contents therein. In a Decision & Order issued in the Supreme Court, New York County, the Honorable Judge Uviller described the set-up as a "living room . . . partially separated by a makeshift closet consisting of a pole, from which clothes were hanging . . . . No door separated the front and rear of this space, the rear portion being partially visible from the entrance."[2] Chen Decl. Ex. I at 5 (finding probable cause to arrest plaintiff). The Officers stated, and the court agreed, that the drugs were "in plain view."

At the station, Plaintiff provided a written statement giving permission "again for them to return to the apartment to perform a search." Am. Compl. Ex. 3. Plaintiff alleges he was "intimidated and coerced" into giving that statement because he was told that, if he gave a statement and provided permission for the Officers to return to the apartment, he would be free to leave. Am. Compl. ¶ 18. However, he was not released. Although Judge Uviller found "Takacs' permission for the officers to enter was voluntary," Plaintiff alleges the Officers lied about receiving consent.

Defendants returned to the apartment where they recovered a weapon and more narcotics in the room inhabited by Plaintiff's roommates. Plaintiff alleges Defendants then "filled out false police reports and provided false and misleading information to the court and Prosecution that implicated Plaintiff in the commission of a crime." Am. Compl. ¶ 18.

Plaintiff was charged with one felony count of criminal possession of a controlled substance in the first degree, one felony count of criminal possession of a controlled substance in the third degree, one felony count of criminal possession of a weapon in the second degree, one misdemeanor count of criminal possession of a weapon in the fourth degree, two misdemeanor

---

[2] While these factual findings are not binding, this Court is entitled to take judicial notice of the state court decision, which provides helpful background information and lays a foundation for the parties' allegations.

counts of criminally using drug paraphernalia in the second degree, and one misdemeanor count of criminal possession of marihuana in the fourth degree. He was indicted on March 9, 2006, together with two other co-defendants. *See* Chen Decl. Ex. G. Judge Uviller conducted an *in camera* review of the Grand Jury proceedings on September 13, 2006, finding sufficient evidence to support each count of the indictment. *See* Chen Decl. Ex. H.

On October 24, 2007, Judge Uviller dismissed the charges against Plaintiff, granting the People's motion to dismiss after the Assistant District Attorney stated that, "The People have concluded that there is reasonable doubt as to whether the Defendant exercised sufficient dominion or control over the drugs in the apartment to justify a possible guilty verdict, so at this point we are moving dismiss the indictment although we are going to proceed with the Co-Defendant." Am. Compl. Ex. 4.

While Plaintiff was incarcerated, he alleges he lost his rent-controlled apartment, where he had lived for over 30 years, was unable to work and earn income, missed scheduled medical procedures, and was denied medical attention for Hepatitis C-related issues.

Plaintiff filed the instant action on January 16, 2009. At oral argument held on March 24, 2010, this Court granted Plaintiff leave to amend the complaint to provide facts that would demonstrate that the actions taken by the arresting officers were known by them to be inappropriate or that the statements made by them were known to be false.

**II. Standard of Review**

On a motion to dismiss, a court reviewing a complaint will consider all material factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Lee v. Bankers Trust Co.*, 166 F.3d 540, 543 (2d Cir. 1999). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to

3

relief above the speculative level." *ATSI Commc'ns Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 93 (2d Cir. 2007) (internal quotation marks omitted).  Ultimately, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  "[A] simple declaration that defendant's conduct violated the ultimate legal standard at issue . . . does not suffice." *Gregory v. Daly*, 243 F.3d 687, 692 (2d Cir. 2001).

On a motion to dismiss, a court is not limited to the four corners of the complaint, but may also consider "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs.*, *Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

### III. Discussion

Plaintiff brings claims for false arrest, malicious prosecution, and malicious abuse of process pursuant to section 1983.  Plaintiff has apparently abandoned his section 1985 conspiracy claim and municipal liability claim by not raising any arguments against their dismissal in his brief.  These claims are therefore dismissed.[3]  New York law provides the elements of the applicable section 1983 causes of action.  *See Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995), *cert. denied*, 517 U.S. 1189 (1996) (false arrest); *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) (malicious prosecution; malicious abuse of process).

### a. False Arrest

A section 1983 claim for false arrest rests on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause.

---

[3] In any case, Plaintiff's municipality claim would fail because Plaintiff does not adduce any competent evidence that his arrest or prosecution was the result of a municipal policy or practice.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978); *Walden v. Wishengrad*, 745 F.2d 149, 153 (2d Cir. 1984).

4

*Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).  "Under New York law, a plaintiff claiming false arrest must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification.  *See Broughton v. State*, 335 N.E.2d 310, 313–14 (N.Y.), *cert. denied*, 423 U.S. 929 (1975).  The existence of probable cause to arrest constitutes justification and "is a complete defense to an action for false arrest."  *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *accord Singer v. Fulton Cnty. Sheriff*, 63 F.3d at 118 ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause.").

Defendants argue that they had probable cause to arrest Plaintiff upon discovering cocaine in plain view in a common area of the apartment.  Probable cause exists when an officer has "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested."  *Curley v. Village of Suffern*, 268 F.3d 65, 69–70 (2d Cir. 2001).  The doctrine of constructive possession allows the police to find probable cause to arrest anyone in a dwelling when contraband is discovered in plain view and it reasonably appears that all members of the dwelling exercised dominion and control over the area in which the contraband is found.  *See United States v. Heath*, 455 F.3d 52, 57 (2d Cir. 2006) (finding arrest valid where plaintiff would be expected to see contraband in regular course of walking through home's public spaces, because "those who are permitted to observe obvious criminal activity in a home are, absent indications to the contrary, likely to be complicit in the offense"); *United States v. Pennington,* 287 F.3d 739, 747 (8th Cir. 2002) (where drug manufacturing evidence was in plain view, that evidence provided probable cause to arrest apartment occupant); *United States v. Holder,* 990 F.2d 1327, 1329 (D.C. Cir. 1993) (holding that keeping narcotics "openly on display" in private

5

residence was indicative that residence's owner considered visitor "sufficiently complicit to allow him a full view").

Plaintiff asserts that the issue of whether or not the drugs were in plain sight is disputed and should not be decided on a motion to dismiss.[4]  *See*, *e.g.*, *Weyant v. Okst*, 101 F.3d at 852 ("The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers, or may require a trial if the facts are in dispute." (internal citation omitted)).  However, Plaintiff has not alleged facts sufficient to create a dispute as to the pertinent events.  While the question of whether it was reasonable for the Officers to believe that Plaintiff exercised dominion and control over the room is fact-dependent, Plaintiff has merely pled an understanding with his roommate regarding the division or use of space in the apartment, an agreement of which the Officers could not have been aware.  *See* Am. Compl. ¶¶ 16–17 (stating Plaintiff "resided in a different area of the apartment" and "had no authority over the room" in which contraband was found).  He has not controverted Judge Uviller's objective description of the room layout, finding that the "bedroom" was plainly visible from the entrance.  Moreover, the police had additional grounds to suspect Plaintiff, given that he appeared to be waiting for the arrival of the drug courier when they entered his hallway.[5]

---

[4] Plaintiff also argues his Complaint raises an issue of fact as to whether or not there was consent to search the apartment.  This question is moot, however, where the illegal search led to discovery of evidence sufficient to create probable cause, as the "fruit of the poisonous tree" doctrine does not apply in section 1983 actions.  *See Townes*, 176 F.3d at 145.

[5] Even if Defendants had illegally searched Plaintiff's apartment or arrested him without probable cause, the decision in *Townes* would limit his recovery.  *Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999).  In *Townes*, the Court of Appeals for the Second Circuit refused to grant recovery on a claim of false arrest against arresting officers where the conviction and incarceration was the product of an illegal search and seizure.  *Id*. at 147.  The court reasoned that the trial judge's decision to admit the evidence constituted a superseding cause of the incarceration, thus Plaintiff's right to recovery was limited to a claim for malicious prosecution.  *Id.* at 149 (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (holding that unlike related cause of action for false arrest, "cause of action for malicious prosecution . . . permits damages for confinement imposed pursuant to legal process")).

Even drawing reasonable inferences in Plaintiff's favor, this Court has been apprised of no facts that contradict Defendants' version of events.  Such facts are particularly important in the case of a probable cause determination, in which the scenario must be considered from the perspective of what the arresting officers knew or saw.  *See Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1996) (holding probable cause lies not in plaintiff's subjective intentions, but in "the facts available to the officer at the time of the arrest").  Because Plaintiff has not met his burden of pleading that he was confined without justification through non-conclusory allegations, the false arrest claim is dismissed.

      **b.  Malicious Prosecution**

To state a claim under New York law for malicious prosecution, a plaintiff must show: "(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003).  Where, as here, the Plaintiff was indicted by a grand jury, New York law provides for a "presumption of probable cause for the purposes of defending against a malicious prosecution claim." *Green v. Montgomery*, 219 F.3d 52, 60 (2d Cir. 2000).  This presumption can be overcome by showing that the indictment was procured by "fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith." *Id*. at 60.  Where an action is brought against the arresting officer, a similar showing of misconduct is required to overcome the presumption in prong one that the prosecutor exercised independent judgment in deciding whether to initiate the criminal proceeding.  *See Ricciuti*, 124 F.3d at 130 ("Although these charges were added by the Bronx District Attorney's office, and thus not directly filed by Lt. Wheeler, a jury could find that Lt. Wheeler played a role in initiating the

7

prosecution by preparing the alleged false confession and forwarding it to prosecutors."); *Mitchell v. Victoria Home*, 434 F. Supp. 2d 219, 227 (S.D.N.Y. 2006) (holding plaintiff may rebut presumption by showing officer created "false information likely to influence a jury's decision and forward[ed] that information to prosecutors" (internal quotation marks omitted)).

Plaintiff purports to meet this requirement by alleging that the Officers "filled out false police reports and provided false and misleading information to the court and the Prosecution that implicated Plaintiff in the commission of a crime." Am. Compl. ¶ 18. However, this allegation lacks any further amplification in the complaint, and is totally uncorroborated by the state court documents of which the court takes judicial notice.[6] *Cf. Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411, 421–22 (S.D.N.Y. 2002) (dismissing malicious prosecution claim because plaintiff's allegation that officer lied about believing he was a "lookout" was not sufficient to overcome "strong presumption" created by indictment).

Because Plaintiff does not allege "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 547, Defendants' motion to dismiss is granted.

### c. Malicious Abuse of Process

Under New York law, "a malicious abuse of process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Cook v. Sheldon*, 41 F.3d at 80. "[I]t is not sufficient for a plaintiff to allege that the defendants were seeking to retaliate against

---

[6] Even Plaintiff's allegations regarding his lack of consent support, at most, a difference of interpretation between Plaintiff and the arresting officers. The doctrine of implied consent is well established, *see*, *e.g.*, *Krause v. Penny*, 837 F.2d 595, 597 (2d Cir. 1988) ("Consent can be found from an individual's words, acts or conduct."), and Plaintiff does not allege that he voiced or otherwise manifested his lack of consent either at the apartment or at the precinct. Such allegations cannot result in personal liability under section 1983, particularly where evidence discovered upon entry provided legitimate grounds for a grand jury indictment.

8

him by pursuing his arrest and prosecution. Instead, he must claim that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." *Savino v. City of New York*, 331 F.3d 63, 77 (2d Cir. 2003). Plaintiff states that the Officer Defendants arrested him "in order to obtain a collateral objective," but provides no factual allegations evincing a specific illegitimate end sought by the Officers. Such allegations are regularly dismissed as insufficient to state a claim. *See, e.g., id.* at 77–78 (finding motive "to seek vindication for the [City's] great political embarrassment and humiliation" did not constitute "ulterior *purpose* or *objective* in facilitating his prosecution"); *Cabble v. City of New York*, 04 Civ. 9413 (LTS), 2010 WL 1222035, at *4 (S.D.N.Y. Mar. 29, 2010) (dismissing claim where only allegation of collateral purpose was "avoid[ing] negative press coverage, which may have resulted from voluntary dismissal of charges against Mr. Cabble and/or speedier release from detention"); *Sulkowska v. City of New York*, 129 F. Supp. 2d 274, 296 (S.D.N.Y. 2001) (dismissing case because plaintiff introduced no evidence that would support position that defendant acted with intent to do harm).

Because Plaintiff does not adequately allege a collateral objective beyond the legitimate ends of the legal process, his malicious abuse of process claim is dismissed.

### IV. Conclusion

It is understandable that Mr. Takacs feels aggrieved in light of his five and a half month detention before the case was dismissed. However, the harm he suffered is not of the sort section 1983 is designed to remedy. For the reasons set forth herein, the Complaint is dismissed.

SO ORDERED.

Dated: January 24, 2011
       New York, NY

_____
U.S.D.J.

9